UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARK L. VAN SICLEN,                 )
                                    )  No. CV-06-0052-MWL
            Plaintiff,              )
                                    )  ORDER GRANTING DEFENDANT'S
v.                                  )  MOTION FOR SUMMARY JUDGMENT
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social             )
Security,                           )
                                    )
            Defendant.              )
_____   )

    BEFORE THE COURT are cross-motions for summary judgment,
noted for hearing without oral argument on August 21, 2006. (Ct.
Rec. 12, 15).  Plaintiff Mark L. Van Siclen ("Plaintiff") filed a
reply brief on August 17, 2006.  (Ct. Rec. 17).  Attorney Maureen
Rosette represents Plaintiff; Special Assistant United States
Attorney Johanna Vanderlee represents the Commissioner of Social
Security ("Commissioner").   The parties have consented to proceed
before a magistrate judge.  (Ct. Rec. 7).  After reviewing the
administrative record and the briefs filed by the parties, the
Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15)
and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12).
///

**JURISDICTION**

On May 27, 2003, Plaintiff filed applications for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB"), alleging disability since March of 2001 due to major depression, paranoia and chemical dependence. (Administrative Record ("AR") 59-61, 70, 695-697).  Plaintiff's applications were denied initially and on reconsideration.  On March 22, 2005, Plaintiff appeared before Administrative Law Judge ("ALJ") Paul L. Gaughen, at which time testimony was taken from Plaintiff, medical expert Allen Bostwick, and vocational expert Tom Moreland.  (AR 1061-1094).  On May 19, 2005, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 19-27). The Appeals Council denied a request for review on February 6, 2006.  (AR 6-9).  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 14, 2006.  (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner and will only be summarized here.  Plaintiff was 44 years old on the date of the ALJ's decision, has a high school equivalency diploma and has past work experience as a forklift operator, warehouse worker, general laborer, landscape laborer, and service station attendant.  (AR 20).

///

///

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he is engaged in substantial gainful activities.  If he is, benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed

- 3 -

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work he has performed in the past.  If Plaintiff is able to perform his previous work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of his residual functional capacity and his age, education and past work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

///

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court

may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

**ALJ'S FINDINGS**

The ALJ found that the record shows that Plaintiff continued
to work after the date of alleged onset of disability.  (AR 20).
The record reflects that, in December of 2001, Plaintiff worked as
a caregiver for a paraplegic individual and was paid "under the
table."  (AR 24).  Nevertheless, the ALJ determined that Plaintiff
did not earn enough from this work for it to be considered
substantial gainful activity.  (AR 20).  Accordingly, at step one,
the ALJ found that Plaintiff has not engaged in substantial
gainful activity since his alleged onset date.  (AR 20).

At step two, the ALJ determined that Plaintiff has the severe
impairments of depression, chronic hepatitis C, a personality
disorder, and drug and alcohol abuse.  (AR 23).  The ALJ concluded
that drug and alcohol abuse is material in this case, and, with
Plaintiff's drug and alcohol abuse considered, Plaintiff would
meet the Listings impairments for an affective disorder (12.04),

a personality disorder (12.08) and a substance addiction disorder
(12.09).  (AR 23).  However, absent the effects of drug and
alcohol abuse, the ALJ found that Plaintiff does not have an
impairment or combination of impairments listed in or medically
equal to one of the Listings impairments.  (AR 23).

The ALJ concluded that Plaintiff retains the residual
functional capacity ("RFC") of no exertional limitations, he
should not work where there is open alcohol and should be left to
work alone, with minimal contact with his supervisor or the
general public.  (AR 25).

At step four of the sequential evaluation process, the ALJ
relied on the testimony of the vocational expert and found that
Plaintiff has the RFC to perform the exertional requirements of
his past relevant work as a warehouse worker, a general laborer
and a landscape laborer.  (AR 25).  Accordingly, the ALJ
determined, at step four of the sequential evaluation process,
that Plaintiff was not disabled within the meaning of the Social
Security Act.  (AR 25-27).

**ISSUE**

Plaintiff contends that the Commissioner erred as a matter of
law.  Plaintiff asserts that he is more limited from a
psychological standpoint than what was determined by the ALJ.
Specifically, Plaintiff argues that the ALJ improperly relied on
the testimony of the medical expert, Dr. Bostwick, over the
opinions of examining and reviewing medical professionals of
record.

///

///

1    This Court must uphold the Commissioner's determination that
2    Plaintiff is not disabled if the Commissioner applied the proper
3    legal standards and there is substantial evidence in the record as
4    a whole to support the decision.

5                              **DISCUSSION**

6        Plaintiff contends that he is more limited from a
7    psychological standpoint than what the ALJ determined in this
8    case.  (Ct. Rec. 13, pp. 9-13).  Plaintiff asserts that
9    psychological evaluations completed by Dr. Forsyth, as well as
10   reports from reviewing physicians, Drs. Beaty and Brown, support a
11   determination that the mental limitations given by the ALJ were
12   not adequate.  (*Id.*)  The Commissioner argues that the ALJ
13   properly evaluated the evidence and gave specific and legitimate
14   reasons to accept the opinion of medial expert Dr. Bostwick over
15   the opinions of examining physician Dr. Forsyth.  (Ct. Rec. 16).

16       In a disability proceeding, the courts distinguish among the
17   opinions of three types of physicians:  treating physicians,
18   physicians who examine but do not treat the claimant (examining
19   physicians) and those who neither examine nor treat the claimant
20   (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 839
21   (9th Cir. 1996).  A treating physician's opinion is given special
22   weight because of his familiarity with the claimant and his
23   physical condition.  *Fair v. Bowen,* 885 F.2d 597, 604-05 (9th Cir.
24   1989).  Thus, more weight is given to a treating physician than an
25   examining physician.  *Lester*, 81 F.3d at 830.  However, the
26   treating physician's opinion is not "necessarily conclusive as to
27   either a physical condition or the ultimate issue of disability."
28   ///

*Magallanes v. Bowen,* 881 F.2d 7474, 751 (9th Cir. 1989) (citations omitted).

The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830.  Rather, an ALJ's decision to reject the opinion of a treating or examining physician, may be *based in part* on the testimony of a nonexamining medical advisor.  *Magallanes*, 881 F.2d at 751-55; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The ALJ must also have other evidence to support the decision such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the physician's opinion.  *Magallanes*, 881 F.2d at 751-52; *Andrews,* 53 F.3d 1042-43.  Moreover, an ALJ may reject the testimony of an examining, but nontreating physician, in favor of a nonexamining, nontreating physician only when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence.  *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

With regard to Plaintiff's psychological condition, the ALJ accorded weight to the opinions of nonexamining medical expert Dr. Bostwick.  (AR 23).  The ALJ found that Plaintiff's non-exertional limitations amounted to no more than being restricted from working where there is open alcohol and working only in environments where he would be left to work alone, with minimal contact with his supervisor or the general public.  (AR 25).

///

Dr. Bostwick reviewed the record and testified at the administrative hearing held on March 22, 2005.  (AR 1064-1072). Dr. Bostwick indicated that Dr. Forsyth's evaluations revealed "significant over-reporting" and produced only a "marginally valid" profile.  (AR 1064-1065).  He stated that this would suggest that Plaintiff's credibility was diminished and, at most, suggested a malingering of psychopathology.  (AR 1066).  Dr. Bostwick also stated that Dr. Forsyth's mental status examination was unremarkable, yet Dr. Forsyth rated Plaintiff's cognitive factors as moderately limited, inconsistent with the results of his examination.  (AR 1071).

Dr. Bostwick testified that Plaintiff has been treated for major depression that has been historically well-controlled with medications.  (AR 1065).  He reported that Plaintiff has been diagnosed with a bipolar disorder, but that there was no historical evidence supporting that diagnosis, has been diagnosed with a mixed personality disorder with borderline and anti-social traits and has a significant history of substance addiction disorder.  (AR 1065).  He additionally noted that Plaintiff had been diagnosed with an schizoaffective disorder, by history or by Plaintiff's self-report, but that there was no evidence supporting such a diagnosis in the record.  (AR 1066).

Dr. Bostwick indicated that the record reflects that, since 2001, Plaintiff has abused alcohol, cocaine, cannabis, and prescription medications.  (AR 1065-1066).  However, he also stated that there was no evidence that Plaintiff has used drugs or alcohol in the two years prior to the administrative hearing.  (AR 1070).  Dr. Bostwick opined that, without the effects of drugs and

alcohol, Plaintiff did not meet a Listings impairment.  (AR 1066-1067).  He indicated that, without considering Plaintiff's drug and alcohol addiction, Plaintiff's activities of daily living would be mildly limited, his abilities with regard to social functioning and concentration, persistence and pace would be moderately limited, and he would experience no episodes of decompensation.  (AR 1068).  Dr. Bostwick testified that, without considering Plaintiff's drug and alcohol addiction, Plaintiff's only work-related moderate limitations would be relating to the public and responding appropriately to criticism from supervisors. (AR 1068-1069).  Dr. Bostwick stated that, regardless of substance abuse, Plaintiff has a personality disorder; however, like his depressive disorder, Plaintiff's personality behavior would be disinhibited with the use of substances with magnified negative effects.  (AR 1069-1070).

Contrary to Plaintiff's argument (Ct. Rec. 13, pp. 11-12), the opinions of state agency reviewing physicians are fairly consistent with Dr. Bostwick's conclusions.  On September 9, 2003, Ed Beaty, Ph.D., filled out a mental residual functional capacity assessment form marking that Plaintiff had a few moderate functional limitations but no marked limitations and was not significantly limited in a majority of the individual areas of functioning.  (AR 446-448).  Dr. Beaty remarked that Plaintiff has normal intellectual functioning and has the ability to perform simple repetitive tasks.  (AR 448).  Dr. Beaty opined that, although Plaintiff's concentration was somewhat limited, he is

///

///

- 11 -

able to perform an eight-hour day. (AR 448). Dr. Beaty concluded that Plaintiff, however, should work without close contact with the public. (AR 448).

On November 17, 2003, Michael Brown, Ph.D., affirmed Dr. Beaty's assessment and findings. (AR 448). Dr. Brown also filled out a psychiatric review technique form on November 17, 2003. (AR 611-624). Dr. Brown opined that Plaintiff had a mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and one or two episodes of decompensation. (AR 621).

Furthermore, as noted by the ALJ, Plaintiff's treating physician at Spokane Mental Health, S. Monteverde, M.D., reported that Plaintiff had displayed improvement, his depression ranged from none to mild-moderate, and he continued to respond well to medication. (AR 22, 681-688).

The ALJ found Dr. Bostwick's testimony persuasive. (AR 23). With respect to Plaintiff's mental impairments, the ALJ determined that Plaintiff's affective disorder, personality disorders, and substance addiction disorders, with drug and alcohol abuse, would result in moderate restrictions of activities of daily living, moderate to marked difficulty in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace and four or more episodes of decompensation, each of extended duration. (AR 23). However, absent the effects of drug and alcohol abuse, Plaintiff has only mild restrictions of activities of daily living, moderate difficulty in maintaining social functioning, moderate difficulties in maintaining concentration,

persistence, or pace and no episodes of decompensation. (AR 23). These findings by the ALJ are consistent with Dr. Bostwick's testimony which is also in accord with the opinions of the state agency reviewing physicians and the report of Dr. Monteverde.

On May 28, 2003, and on September 10, 2004, Andrew B. Forsyth, Ph.D., conducted psychological evaluations of Plaintiff for the purpose of determining his eligibility to receive state of Washington Department of Social and Health Services benefits under the General Assistance Unemployment ("GAU") program. (AR 625-636).

On May 28, 2003, on a check-box form, Dr. Forsyth noted diagnoses of major depressive disorder, recurrent, severe without psychosis; alcohol dependence, early partial remission; personality disorder, NOS, borderline features; and cannabis dependence, early partial remission. (AR 628). Dr. Forsyth checked boxes indicating that Plaintiff was markedly impaired in his ability to exercise judgment and make decision and to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (AR 629). He also noted that Plaintiff's ability was moderately impaired in several other categories. (AR 629). Dr. Forsyth estimated that Plaintiff would be impaired to this degree for a minimum of six month and a maximum of plus six months. (AR 630). He remarked that the PAI was only "marginally" valid due to Plaintiff's "excessive endorsement of pathology." (AR 630).

As part of that report, Dr. Forsyth recommended further strengthening before Plaintiff undertakes employment training and placement. (AR 626). Dr. Forsyth further indicated that the

diagnosed conditions were caused by past or present alcohol and drug abuse. (AR 628). He also indicated that 60 days of abstinence would not have any significant effect on the diagnosed conditions because of the chonicity/severity of Plaintiff's dependence. (AR 628).

On September 10, 2004, Dr. Forsyth diagnosed major depressive disorder, recurrent, severe with psychotic features; alcohol dependence, sustained full remission; and cannabis dependence, sustained full remission. (AR 634). Dr. Forsyth indicated on a check-box form that Plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting was markedly impaired. (AR 635). He also noted that Plaintiff's ability was moderately impaired in several other categories. (AR 635). Dr. Forsyth remarked that the MMPI-2 profile was "marginally valid" due to Plaintiff's "extreme endorsement of psychopathology." (AR 636).

The ALJ gave little weight to Dr. Forsyth's finding that Plaintiff was markedly impaired in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (AR 24-25). The ALJ noted that this was a check on a check-box form, there was no distinction given between the Plaintiff's ability with and without substance abuse, the rules applicable to GAU benefit claims differ from those applicable to SSI, Dr. Forsyth was only an examining physician, and the opinion was obtained solely to aid Plaintiff in obtaining benefits. (AR 25).

///

///

Dr. Forsyth's opinions were produced on check-box forms, and the Ninth Circuit has held that a check-box form is entitled to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ's rejection of a check-off report that did not contain an explanation of the bases for the conclusions made was permissible). The psychological/psychiatric evaluation forms completed by Dr. Forsyth indicated that Plaintiff had marked limitations, findings inconsistent with the assessments of Drs. Bostwick, Beaty and Brown and with the substantial evidence of record. Furthermore, on each evaluation form, Dr. Forsyth indicated that Plaintiff's profile was only "marginally valid" due to his excessive or extreme "endorsement of psychopathology." (AR 630, 636).[1]  The ALJ also noted that the evaluation forms were completed for GAU purposes and the opinion was obtained solely to aid Plaintiff in obtaining benefits. (AR 25).  When a physician is involved in the application process, thus becoming an advocate for the claimant, an ALJ is entitled to consider this factor in evaluating his testimony. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996).  Accordingly, the undersigned finds that the ALJ had ample reasons to accord little weight to the opinion of Dr. Forsyth that Plaintiff was markedly impaired in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting.

///

///

---

[1]The ALJ concluded that Plaintiff was not credible (AR 24), and Plaintiff does not contest the ALJ's credibility finding in this case. Therefore, Plaintiff's complaints and allegations of symptoms were properly found not fully credible in this case.

The undersigned finds it significant that, after the alleged onset date of disability, in December of 2001, Plaintiff worked as a caregiver for a paraplegic individual and was paid "under the table" for the work he performed. (AR 24, 243).

The ALJ's RFC finding is in accord with the weight of the record evidence. The record does not support a more restrictive finding than Plaintiff being limited to working in environments where there is no open alcohol and where he would be left to work alone, with minimal contact with supervisors and the general public. (AR 25). Accordingly, the Commissioner did not err in so finding in this case.

<u>**CONCLUSION**</u>

Having reviewed the record and the ALJ's conclusions, this Court finds that the ALJ's decision that Plaintiff is capable of performing work where he would be left to work alone, with minimal contact with his supervisor or the general public,[2] while being restricted from working in environments where there is open alcohol, including has past relevant jobs as a warehouse worker, a general laborer and a landscape laborer, is supported by substantial evidence and free of legal error. Plaintiff is thus not disabled within the meaning of the Social Security Act. Accordingly,

**IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment (**Ct. Rec. 12**) is **DENIED.**

///

_____

[2] Plaintiff demonstrated that he was able to do that in the caregiver position where he gave care to a paraplegia individual during the evening hours. (AR 243).

2.   Defendant's Motion for Summary Judgment (**Ct. Rec. 15**) is **GRANTED**.

3.   The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file.

**DATED** this ___23rd___ day of October, 2006.

                              s/Michael W. Leavitt
                          MICHAEL W. LEAVITT
                      UNITED STATES MAGISTRATE JUDGE